# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re:* **J.S.**

**No. 12-0567** (Taylor County 12-JS-20)

**FILED**

February 11, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother's pro se appeal arises from the Circuit Court of Taylor County's order entered on April 4, 2012, wherein the circuit court found that the minor child is a status offender based on his truancy and ordered probation until the child turns eighteen. The State, by counsel Marland L. Turner, has filed its response.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

A petition was filed alleging that J.S. had nine unexcused absences between the beginning of the 2011-2012 school year and January 30, 2012. A hearing was held, during which time Petitioner Mother claimed that the child had actually only missed five days of school unexcused, as three of the days claimed by the school were in error. The assistant principal of the school indicated that the records showed eight unexcused absences. After the adjudicatory hearing, the disposition order was entered finding that the child was a status offender based on his truancy, and ordered that the child be placed on probation until his eighteenth birthday.

> In reviewing challenges to the findings and conclusions of the circuit court, we apply a two-prong deferential standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a *de novo* review.

Syl. Pt. 2, *Walker v. W.Va. Ethics Comm'n,* 201 W.Va. 108, 492 S.E.2d 167 (1997). Petitioner Mother argues on appeal that her son only had five total unexcused absences, not the eight alleged by the school. Further, she argues that she was not contacted by the school regarding the absences and argues that because her son is not a discipline problem he should not be placed on probation. The State responds, arguing that even assuming that Petitioner Mother was correct in her son only missing five days, he is still truant pursuant to West Virginia Code § 49-1-4(15). Moreover, the State argues that any notice issues are irrelevant on appeal and that the only relevant issue on appeal is whether the child was properly found to be a status offender.

1

Pursuant to West Virginia Code § 18-8-4(b), once a child misses five or more days of school with unexcused absences, a complaint is made to the local magistrate. If a child is found to be truant after an adjudicatory hearing, he may be found to be a status offender pursuant to West Virginia Code § 49-1-4(15) which states that a "'[s]tatus offender' means a juvenile who has been adjudicated as one: . . . (C) [w]ho is habitually absent from school without good cause[.]" In the present case, the school produced evidence that the minor child missed eight days of school unexcused. Even assuming petitioner's contention that the child only missed five days is true, the circuit court did not err in finding that the minor child was truant. Therefore, this Court finds no error in the order of the circuit court.

For the foregoing reasons, the circuit court's order is hereby affirmed.

Affirmed.

**ISSUED**: February 11, 2013

**CONCURRED IN BY**:

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

2